UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEXANDER VUGLER,

    Petitioner,

v.    CASE NO. 8:21-cv-1901-WFJ-AEP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Before the Court is Mr. Vugler's, a federal prisoner, "emergency" petition for the writ of error coram nobis (Doc. 1) in which he moves the Court to overturn his conviction and immediately release him from incarceration. He argues that he is entitled to this relief because the Court in which he was convicted lacked subject matter jurisdiction over his case. He is serving a 168-month sentence on a conviction for transporting child pornography entered in 2017. *See United States v. Vugler*, Case No. 14-cr-28-CEH-TGW (M.D. Fla.).

Federal courts may issue a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651. The writ is an "extraordinary writ, limited to cases in which 'no statutory remedy is available or adequate.'" *United States v. Brown*, 117 F.3d 471, 474-75 (11th Cir. 1997). The writ is available only where the defendant has completed his sentence and is no longer in custody as required for relief under 28 U.S.C. § 2255. *See*

1

*Brown*, 117 F.3d at 475; *United States v. Chaff*, 269 F.App'x 878, 879 (11th Cir. 2008) ("Because federal prisoners may make use of the statutory remedy of 28 U.S.C. § 2255, coram nobis relief is unavailable to them.").

Because Mr. Vugler is currently in federal custody serving his sentence, a writ of error coram nobis is unavailable to him. A § 2255 motion is his exclusive remedy. However, because he previously filed a § 2255 motion which was decided on the merits (see Case No. 8:19-cv-258-CEH-TGW (M.D. Fla), Doc.13), he must seek permission from the Eleventh Circuit Court of Appeals to file a second or successive § 2255 motion. *See Felker v. Turpin*, 101 F.3d 657, 661 (11th Cir. 1996).

Accordingly, Mr. Vugler's "emergency" petition for the writ of error coram nobis (Doc. 1) is **DISMISSED** without prejudice. The **Clerk** must close this case. To the extent a certificate of appealability is required for the appeal of this Order, the Court finds Mr. Vugler is not entitled to a certificate of appealability.

**ORDERED** in Tampa, Florida, on August 12, 2021.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

<u>Copies to</u>:
Alexander Vugler, *pro se*
Counsel of Record